IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **FRANCISCO JAVIER** § <br> **HERNANDEZ MACIAS, et al.,** § <br> § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> **UR M JADDOU,** *Former Director,* § <br> *US Citizenship and Immigration Services*, § <br> § <br> Defendant. § | Civil Action No. **3:24-CV-724-L** |

## **MEMORANDUM OPINION AND ORDER**

Before the court is Defendant Ur Jaddou's ("Defendant" or "Director Jaddou") Motion to Dismiss or, Alternatively, Motion to Sever and Dismiss ("Motion") (Doc. 10), filed on August 20, 2024. For the reasons herein explained, the Motion is **granted,** and this action is **dismissed without prejudice.**

**I.   Procedural and Factual Background**

On March 26, 2024, fifty-one non-citizen Plaintiffs filed this action against the then-Director of USCIS, Ur Jaddou, for (1) unlawfully delaying BFDs; (2) unlawfully withholding deferred action determinations; (3) unlawfully withholding employment authorization determinations; and (4) mandamus.

At various times, each of the fifty-one Plaintiffs or their relative assisted law enforcement in some way and completed a U visa application. *See generally* Doc. 1. At the time the Complaint was filed, Plaintiffs contend that Director Jaddou failed to determine the bona fides of their U visa applications, with delay times ranging from three to eighty-eight months. *Id.* at 32. Without a BFD, Plaintiffs have been unable to receive work authorizations and are unable to

reside or work lawfully in the United States. *Id.* at 34. Without work authorizations, Plaintiffs cannot obtain a "social security number, which is often a requirement for acquiring a driver's license, opening a bank account, and receiving credit for paying Social Security or other taxes." *Id.* On August 12, 2024, Plaintiffs filed a Notice of Partial and Limited Voluntary Dismissal (Doc. 6) and dismissed ten Plaintiffs because Defendant determined the status of their U visa applications. Again, on August 19, 2024, Plaintiffs filed a second Notice of Partial and Limited Voluntary Dismissal (Doc. 8) and dismissed four Plaintiffs because Defendant determined the status of their U visa applications. Today, there remain thirty-seven Plaintiffs.

Plaintiffs request the court do the following: (1) take jurisdiction over this case; (2) declare Defendant in violation of 5 USC §§ 555(b), 706(1), and 706(2)(A); 8 U.S.C. § 1184(p)(6); and the Due Process Clause of the Fifth Amendment to the United States Constitution; (3) issue temporary and permanent injunctions; (4) issue a writ of Mandamus directing Defendant to determine whether to grant each Plaintiff U visa interim benefits; and (5) grant such further relief as the court deems just and proper. *Id.* at 40. Plaintiffs assert that the court has federal question jurisdiction under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(1). *Id.* at 8 (citing *Califano v. Sanders,* 430 U.S. 99, 105 (1977); 28 U.S.C. § 1331; and 5 U.S.C. §§ 555(b) and 706). Plaintiffs also assert that the court has subject matter jurisdiction pursuant to the Mandamus Act, 28 U.S.C. § 1361. *Id.* (citing 28 U.S.C. § 1361).

## II.     Rule 12(b)(1) Legal Standard

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," and over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of

limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted); *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). A federal court must presume that an action lies outside its limited jurisdiction, and the burden of establishing that the court has subject matter jurisdiction to entertain an action rests with the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377 (citations omitted).

In considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001) (citation omitted). Thus, unlike a Rule 12(b)(6) motion to dismiss for failure to state a claim, the district court is entitled to consider disputed facts as well as undisputed facts in the record and make findings of fact related to the jurisdictional issue. *Clark v. Tarrant Cnty.*, 798 F.2d 736, 741 (5th Cir. 1986). All factual allegations of the complaint, however, must be accepted as true. *Den Norske Stats Oljeselskap As*, 241 F.3d at 424.

A federal court has subject matter jurisdiction over cases arising under the Constitution, laws, or treaties of the United States, which is commonly referred to as federal question jurisdiction. 28 U.S.C. § 1331. This provision for federal question jurisdiction is generally invoked by a plaintiff pleading a cause of action created by federal law.

**Memorandum Opinion and Order – 3**

### III. Applicable Law

The Immigration and Nationality Act ("INA") sets forth the statutory guidance for admission of noncitizens into the United States. *See* 8 U.S.C. § 1101 *et seq*. Congress created the "U" nonimmigrant classification or the "U visa," which is aimed at protecting noncitizen victims of serious crimes and increasing public safety by encouraging those noncitizens to report such crimes to law enforcement officers and to assist in the prosecution of such crimes that they otherwise would be afraid to. *See* 8 U.S.C. §§ 1101(a)(15)(U), 1184(p), and 1255(m). The INA also provides that certain qualifying family members can obtain derivative U visas based on their relationship to the victim, the principal filing for the U visa. 8 U.S.C. § 1101(a)(15)(U)(ii). Congress capped the number of U visas that can be granted to 10,000 principal applications per year; however, the regulations promulgated under the INA provide that "[a]ll eligible petitioners who, due solely to the cap, are not granted U-1 nonimmigrant status must be placed on a waiting list and receive written notice of such placement." *See* 8 C.F.R. § 214.14(d)(2); *see also* 8 U.S.C. 1184(p)(2)(A)-(B).

There are several criteria that applicants must satisfy before they can obtain a U visa. *See* 8 U.S.C. §§ 1101(a)(15)(U), 1184(p)(1); 8 C.F.R. § 214.14(b). By creating the U visa, Congress provided a pathway to permanent residence for victims of violent crime. *See* VTVPA § 1513(a)(2)(C), 114 Stat. at 1534. There are two statutory requirements the applicant must meet. First, after being granted a U visa, the applicant must demonstrate three years of continuous physical presence in the United States since being admitted as a U nonimmigrant. Doc. 1 at 27; *see also* 8 U.S.C. § 1255(m)(1)(A). Second, the applicant must show that their "continued presence in the United States is justified on humanitarian grounds, to ensure family unity, or otherwise in the public interest." 8 U.S.C. § 1255(m)(1)(B); *see also* 8 C.F.R. § 245.24(b)(6),

**Memorandum Opinion and Order – 4**

(d)(10). Regulations implementing the U visa pathway to permanent residence also require the applicant to "show[ ] that discretion should be exercised in his or her favor." 8 C.F.R. § 245.24(d)(11). In making its determination, the United States Citizenship and Immigration Services ("USCIS") may "take into account all factors, including acts that would otherwise render the applicant inadmissible." *Id.*

  IV.  **Discussion**

    A. **Statutory Jurisdictional Bar**

  In the Motion, Defendant requests that the court dismiss this case or alternatively sever Plaintiffs and dismiss this case for three reasons: (1) the court lacks jurisdiction over Plaintiffs' claims; (2) Plaintiffs lack Article III standing; and (3) Plaintiffs' claims are improperly joined.

  Because jurisdiction is a threshold matter, the court must confirm its subject matter jurisdiction before turning to the merits. Defendant contends that discretionary immigration relief is beyond the reach of Article III courts. Doc. 10 at 4. Director Jaddou contends that the Supreme Court in *Patel* held that this jurisdictional bar pertains to the agency's final acts of discretion and the predicate determinations underlying the discretionary decision. *Id.* (citing *Patel v. Garland*, 596 U.S. 328, 338-39 (2022)). Further, Defendant argues that "Congress precluded judicial review 'regardless of whether the judgment, decision or action is made in removal proceedings,'" pursuant to the jurisdiction-stripping provision of 8 U.S.C. § 1252(a)(2)(B). *Id.* (citations omitted).

  The court agrees. Congress has circumscribed judicial review of the discretionary relief process. "Section 1252(a)(2)(B)(ii) bars jurisdiction where Congress 'set out the Attorney General's discretionary authority in the statute.'" *Flores v. Garland*, 72 F.4th 85, 89 (5th Cir. 2023) (citation omitted).

**Memorandum Opinion and Order – 5**

>Title 8 U.S.C. § 1252(a)(2)(B) provides:
>
>B) Denials of discretionary relief
>   Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review--
>   (i) any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title, or
>   (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

*Id.*

The statutory authority underlying the BFD EAD Policy, Section 1184(p)(6), provides that the Secretary of the Department of Homeland Security "may" grant work authorization under Section 1101(a)(15)(U). As the Fifth Circuit previously determined, Congress's use of the word "may" in the statute connotes discretion. *Flores,* 72 F.4th at 89 (citation omitted).

Plaintiffs contend that Section 555(b) of the APA authorizes the court to compel non-discretionary USCIS action. Doc. 11 at 9. Section 555(b) directs agencies to "conclude a matter presented to it" and do so "within a reasonable time." 5 U.S.C. § 555(b). Plaintiffs' argument is not persuasive, and while Director Jaddou does not address this issue directly; it is clear, based on the statutory language of Section 701(a)(1), that Section 555(b) does not apply when other statutes preclude judicial review. 5 U.S.C. § 701(a)(1). As previously stated, 8 U.S.C. § 1252(a)(2)(B)(ii) precludes judicial review and strips this court of jurisdiction. Further, as Defendant correctly argues, the Supreme Court held that the jurisdictional bar applies to "any judgment relating to the granting of relief." *Patel,* 596 U.S. at 339.

Further, as it relates to Plaintiffs' unreasonable delay arguments, neither Section 1101(a)(15)(U) nor 1184(p)(6) "establish a time period during which the applications must be

**Memorandum Opinion and Order – 6**

adjudicated." *Cheejati v. Blinken*, 106 F.4th 388, 396 (5th Cir. 2024). Because neither statute nor binding regulation mandates a certain timeframe within which USCIS must make determinations as it relates to BFDs, the court has no jurisdiction to determine the merits of this case. *Id.* at 394; *see also* APA Section 706(1).

### B. Mandamus Act Jurisdiction

Defendant contends that Plaintiffs' mandamus claim fails for the same reasons that their APA claims fail. Doc. 10 at 16 n. 5 (citation omitted). Director Jaddou contends that "Plaintiffs cannot establish that they have a 'clear right' to BFD, EAD, or deferred action determinations according to their preferred timeframe." (quoting *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 768 (5th Cir. 2011)).

The Mandamus Act, 28 U.S.C. § 1361, vests the district court with original jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." *Newsome v EEOC*, 301 F.3d 227, 231 (5th Cir. 2002) (citation omitted). It "is an extraordinary remedy for extraordinary causes." *In re Corrugated Container Antitrust Litig. v. Mead Corp.*, 614 F.2d 958, 961–62 (5th Cir. 1980) (internal citations and quotations omitted). For mandamus to be granted, Plaintiffs must establish that: (1) they have a clear right to relief, (2) Defendant has a clear duty to act, and (3) no other adequate remedy exists. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 768 (5th Cir. 2011) (citation omitted). Further, "[m]andamus is only appropriate when the duty is 'so plainly prescribed as to be free from doubt'; thus, mandamus is not available to review discretionary acts of agency officials." *Id.* (citations omitted). Even if the court finds that all three elements are met, the decision to grant or deny the writ is at the court's discretion. *Id.* (citation omitted).

Because USCIS has discretion over whom and when to grant and deny U visas and for the reasons stated previously, the court does not have jurisdiction. "Section 1252(a)(2)(B)(ii) bars jurisdiction [when] Congress 'set out the Attorney General's discretionary authority in the statute.'" *Flores,* 72 F.4th at 89. As a result, the Mandamus Act does not provide a jurisdictional basis for Plaintiffs' claims.

Defendant also argues that Plaintiffs lack Article III standing and are improperly joined. Doc. 10 at 16-23. Because Plaintiffs have not established subject-matter jurisdiction, it is not necessary to consider Defendant's standing or joinder arguments. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101–02 (1998) ("For a court to [reach the merits] when it has no jurisdiction to do so is, by very definition, for a court to act ultra vires.").

Further, in a prior case involving similar claims and relief sought by a plaintiff under the Mandamus Act, All Writs Act, DJA, and APA, the undersigned concluded that it lacked subject matter jurisdiction over the claims. *Bian v. Rice*, No. 3:08-CV-1651-L, 2009 WL 857388, *2 (N.D. Tex. Mar. 27, 2009). The court further concluded that because the plaintiff in *Bian* had not pleaded any other independent claim, the DJA and All Writs Act did not provide a basis for jurisdiction. *Id*. Consequently, the court dismissed the action without prejudice due to a lack of jurisdiction, and Bian appealed.

The Fifth Circuit affirmed based on its determination that I-485 applicants do not possess "a 'clear and certain' right to have [their] I-485 application[s] adjusted within [a certain number of days] of [the application's] filing—or that the USCIS has a 'plainly prescribed' duty to process the application within [a set] time frame." *Bian v. Clinton*, 605 F.3d 249, 255 (5th Cir. 2010). The Fifth Circuit, therefore, concluded "that the district court lacked jurisdiction to consider Bian's claim, as Congress has expressly precluded judicial review of the USCIS's pace of

**Memorandum Opinion and Order – 8**

adjudication when the agency acts within its discretion and pursuant to the regulations that the agency deems necessary for carrying out its statutory grant of authority." *Id.*

While this decision by the Fifth Circuit was subsequently vacated when motions to dismiss the appeal as moot were filed, the undersigned finds this well-reasoned decision persuasive. *See Melot v. Bergami*, 970 F.3d 596, 599 n.11 (5th Cir. 2020) (finding persuasive a "thoughtful opinion" from the Tenth Circuit "although [that opinion was] vacated as moot on rehearing"); *see also Cheejati v. Blinken*, 106 F.4th at 394 ("Also useful is our vacated decision in *Bian v. Clinton*, 605 F.3d 249 (5th Cir. 2010)." "[A]s *Bian* noted, § 1252(a)(2)(B)(ii) strips federal courts of jurisdiction to review *any discretionary* decision or action rendered by the [Secretary of Homeland Security]."). Based on the reasoning in *Bian*, the court concludes that it lacks subject matter jurisdiction over Plaintiffs' claims and request for relief in this case, which must be dismissed without prejudice, because, absent jurisdiction, the court has no authority to grant the relief sought by Plaintiffs in their Motion or Complaint.

### V.     Conclusion

For the reasons previously stated, the court lacks subject matter jurisdiction over Plaintiffs' claims. The court, therefore, **grants** Defendant Ur. Jaddou's Motion to Dismiss or, Alternatively, Motion to Sever and Dismiss (Doc. 10) and **dismisses without prejudice** this action for lack of subject matter jurisdiction. The court will enter a judgment by separate document pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**It is so ordered** this 26th day of February, 2025.

Sam A. Lindsay
United States District Judge